UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BELL ATLANTIC TRICON LEASING
CORPORATION, NCC GOLF COMPANY,
NCC KEY COMPANY and NCC CHARLIE
COMPANY,
                       Appellants,

v.

DELTA AIR LINES, INC., *et al.*,
                       Appellees.

Case No. 08 -CV-2449(RMB)
(ECF Case)

Chapter 11 Case No.
05-17923 (ASH)
(Jointly Administered)

**RULE 7.1 CERTIFICATION**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Appellee Värde Investment Partners, L.P. ("*Värde*") (a private non-governmental party) certifies that there is no corporate parent for Appellee Värde and that no publicly held corporation owns the beneficial interests in 10% or more of the stock of Appellee Värde.

Dated: April 14, 2008

                                    Respectfully submitted,

                                    **VEDDER PRICE P.C.**

                                    By:   /s/ Michael J. Edelman
                                          Michael J. Edelman (ME 6476)
                                          1633 Broadway, 47th Floor\
                                          New York, New York 10019
                                          Tel:    212-407-7700
                                          E-mail:MJEdelman@VedderPrice.com

                                  **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS, LLP**
                                          David Weitman (Texas State Bar No. 21116200)
                                          Daniel I. Morenoff (Texas State Bar No. 24032760)
                                          1717 Main Street, Suite 2800
                                          Dallas, Texas 75201
                                          (214) 939-5500
                                          Telecopy: (214) 939-5849

                                  *Counsel for Appellee Strategic Value Partners, LLC*

NEWYORK/#194364.1

**VEDDER PRICE P.C.**
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

**KIRKPATRICK & LOCKHART PRESTON**
**GATES ELLIS LLP**
David Weitman (Texas Bar No. 21116200)
Daniel I. Morenoff (Texas Bar No. 24032760)
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy: (214) 939-5849

*Counsel for Appellee Värde Investment Partners, L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELL ATLANTIC TRICON LEASING CORPORATION, NCC GOLF COMPANY, NCC KEY COMPANY and NCC CHARLIE COMPANY,<br><br>                    Appellants,<br><br>v.<br><br>DELTA AIR LINES, INC., *et al.*,<br><br>                    Appellees. | Case No. 08-CV-2449(RMB)<br>(ECF Case)<br><br>Chapter 11 Case No.<br>05-17923 (ASH)<br>(Jointly Administered) |

**APPELLEE VÄRDE INVESTMENT PARTNERS, L.P.'S RESERVATION OF RIGHTS TO THE EXTENT ANY PARTIES BELATEDLY SEEK REVERSAL OR MODIFICATION OF PORTION OF DECISION AND ORDER DENYING OBJECTIONS TO SLV CLAIMS**

Appellee Värde Investment Partners, L.P. ("*Värde*"), the current holder of proofs of claim numbers 4703 and 4704 (the "*N923DL & N924DL SLV Claims*") that relate to, respectively, the aircraft bearing FAA registration number N924DL and N923DL (the "*N923DL*

*and N924DL Aircraft*") and the leveraged lease transaction related to such aircraft, by Värde's undersigned counsel, hereby submits its reservation of rights regarding this appeal.

## STATEMENT OF CASE AND FACTS RELEVANT TO THIS RESERVATION OF RIGHTS

### The Underlying Transaction and the Claims

This appeal addresses the claims objection litigation commenced by Delta Air Lines, Inc., as chapter 11 debtor and debtor in possession (the "*Debtor*") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), against two distinct sets of claims relating to the leveraged lease transactions in which the Debtor was the lessee, Appellants Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company and NCC Charlie Company were the owner participants (collectively, the "*Appellants*"), The Bank of New York was the indenture trustee (the "*Indenture Trustee*"), and various lenders (collectively, the "*Lenders*") were the lenders. *See* D.23 (Substitute TIA/SLV Objection 3).[1] Appellee Värde is the Lender under the leveraged lease transactions relating to the N923DL and N924DL Aircraft. Upon information and belief, NCC Key Company is the owner participant relating to the leveraged lease transaction relating to the N923DL Aircraft and NCC Charlie Company is the owner participant relating to the leveraged lease transaction relating to the N924DL Aircraft. *See* D.23 (Substitute TIA/SLV Objection 3), ¶ 19.

---

[1]  References to "D." followed by a number refer to the associated document listed in Appellants' Designation of Record and Statement of Issues Presented on Appeal, dated February 24, 2008.

2

**The Claims against the Debtor**

Each Appellant, as an owner participant, has asserted claims against the Debtor in the Debtor's chapter 11 case arising under separate tax indemnity agreements ("*TIAs*") between each such Appellant, as owner participant, and the Debtor (collectively all such claims held by Appellants against the Debtor, the so-called "*TIA Claims*"). Separately, the Indenture Trustee was assigned various rights arising under certain aircraft leases between owner trustees, as lessor, and the Debtor, each as lessee, to secure loan obligations. Pursuant to each such assignment, the Indenture Trustee and/or the Lenders filed claims against the Debtor arising under the related aircraft leases, predominantly for lease rejection damages, which damages are calculated by utilizing the stipulated loss damage calculations associated with the Debtor's breach of the relating lease agreements (collectively, the portion of such claims based upon stipulated loss damage calculations, the "*SLV Claims*"). With respect to the N923DL Aircraft and the N924DL Aircraft leveraged lease transactions, Värde currently holds the SLV Claims (such claims are the N923DL & N924DL SLV Claims).

**The Underlying Claims Objections**

In the Debtor's chapter 11 case, the Debtor and the Official Committee of Unsecured Creditors objected to the SLV Claims and the TIA Claims on the grounds that:

    (a)    these claims overlapped each other and general bankruptcy law did not allow overlapping claims (and, accordingly, the SLV Claims and/or the TIA Claims should be reduced to prevent such overlap) (the "*General Overlap Objection*"), *see* D.23 (Substitute TIA/SLV Objection 3), ¶¶ 21-23;

    (b)    the terms of the TIAs (or notions of equitable allocation based upon the terms of the TIA) required the disallowance or reduction of the TIA Claims due to the alleged overlap (the "*TIA Contractual Terms Objection*"), *id.*, at ¶¶ 25-30; and

  (c) the terms of the transaction documents (or notions of equitable allocation based upon the terms of the Transaction Documents) required the reduction of the SLV Claims due to the alleged overlap (the "*SLV Contractual Terms Objection*"), *id.*

The only bases for attacking the SLV Claims were the General Overlap Objection and the SLV Contractual Terms Objection. *Id.,* at ¶¶ 21-23, 25-30.

### The Bankruptcy Court's Decision and Order

In its decision and related order (the "*Bankruptcy Court Decision and Order*"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 4, 9-10 n.3, 15-17, 32-33, and D.35 (Order with respect to TIA/SLV Objection 3), at 2; *see also* D.9 (Decision on TIA/SLV Objections 1 & 2), at 7-8, 12. Accordingly, the Bankruptcy Court denied the only two bases asserted by the Debtor and the Committee for objecting to the N923DL & N924DL SLV Claims and the SLV Claims held by or for the benefit of the other Lenders.

The Bankruptcy Court granted the TIA Contractual Terms Objection and denied the Appellants' TIA Claims in their entirety. *See* D.35 (Order with respect to TIA/SLV Objection 3), at 1-2.

### The Appeal

The Appellants filed their notice of appeal on February 14, 2008, *see* D.36, and their Opening Brief on Appeal on March 26, 2008. In this appeal, the Appellants have not challenged the Bankruptcy Court's rulings denying the Debtor's objections to the SLV Claims. Because: (a) the Appellants do not challenge the portions of the Bankruptcy Court Decision and Order regarding the SLV Claims; and (b) none of the Debtor, the Post-Effective Date Committee or any other person or entity (other than Appellants) have appealed the Bankruptcy Court Decision and Order, there is nothing for Appellee Värde to respond to in this appeal as of the

4

date hereof. As no party has challenged such portions of the Bankruptcy Court Decision and Order relating to the N923DL & N924DL SLV Claims or the other SLV Claims, such decision and order regarding the N923DL & N924DL SLV Claims and the other SLV Claims are no longer subject to challenge.

## **RESERVATION OF RIGHTS**

At this time, Appellee Värde is not filing a responsive brief to the Opening Brief on Appeal because: (a) the Appellants only challenge the Bankruptcy Court Decision and Order regarding the disallowance of the Appellants' TIA Claims; and (b) the Appellants do not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied the General Overlap Objection and the SLV Contractual Terms Objection.

Appellee Värde hereby fully reserves its right to file a brief responding to any brief filed by any person or entity that attacks the Bankruptcy Court's rulings in favor of the N923DL & N924DL SLV Claims or the other SLV Claims.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York.
April 14, 2008

Respectfully submitted,

**Vedder Price P.C.**

By: /s/ Michael J. Edelman
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York 10019
Tel:    212-407-7700
Fax:    212-407-7799
E-mail: MJEdelman@VedderPrice.com

**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS, LLP**
David Weitman
Texas State Bar No. 21116200
Daniel I. Morenoff
Texas State Bar No. 24032760
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy: (214) 939-5849

*Counsel for Appellee
Värde Investment Partners, L.P.*

**VEDDER PRICE P.C.**
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
David Weitman (Texas Bar No. 21116200)
Daniel I. Morenoff (Texas Bar No. 24032760)
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy: (214) 939-5849

*Counsel for Appellee Värde Investment Partners, L.P.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BELL ATLANTIC TRICON LEASING CORPORATION, NCC GOLF COMPANY, NCC KEY COMPANY and NCC CHARLIE COMPANY,**<br><br>Appellants,<br><br>v.<br><br>**DELTA AIR LINES, INC.,** *et al.,*<br><br>Appellees. | Case No. 08 -CV-2449(RMB)<br>(ECF Case)<br><br>Chapter 11 Case No.<br>05-17923 (ASH)<br>(Jointly Administered) |

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF NEW YORK  )

MICHAEL J. EDELMAN, being duly sworn, deposes and says:

1. I am a resident of the United States, over the age of eighteen years, and am not a party to or interested in the above-captioned cases. I am employed by the law firm of Vedder

Price P.C., counsel for Värde Investment Partners, L.P. My business address is 1633 Broadway, 47th Floor, New York, New York 10019.

  2.  On April 14, 2008, I caused copies of the following documents:

    (a) Appellee Värde Investment Partners, L.P.'s Reservation of Rights to the Extent Any Parties Belatedly Seek Reversal or Modification of Portion of Decision and Order Denying Objections to SLV Claims; and

    (b) Rule 7.1 Certification for Värde Investment Partners, L.P.,

to be served upon the parties identified on Exhibit A attached hereto both (a) by securely enclosing true copies of said documents in postage-prepaid envelopes and depositing such envelopes with a representative of Federal Express for overnight, courier delivery and (b) by sending true copies of said documents by electronic mail.

                  _____
                    Michael J. Edelman

SWORN TO AND SUBSCRIBED before
me this 14th day of April, 2008.

_____
Notary Public

    RENA STAVROLAKES
   COMMISSIONER OF DEEDS
   CITY ON NEW YORK #1-6840
 CERTIFICATE FILED IN: NEW YORK COUNTY
   COMMISSION EXPIRES 10.01.08

2

NEWYORK/#194383.1

## **EXHIBIT A**

Michael E. Wiles, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
E-Mail: mewiles@debevoise.com


Scott Howard Bernstein, Esq.
Hunton & Williams, LLP
200 Park Avenue
43rd Floor
New York, NY 10166
E-Mail: sbernstein@hunton.com


Benjamin C. Ackerly, Esq.
Hunton & Williams L.L.P.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
E-Mail: backerly@hunton.com


Mark Elliott, Esq.
Joshua Dorchak, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022-4689
E-Mail: mark.Elliott@bingham.com
E-Mail: joshua.dorchak@bingham.com