**VEDDER PRICE P.C.**
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP**
David Weitman (Texas Bar No. 21116200)
Daniel I. Morenoff (Texas Bar No. 24032760)
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy: (214) 939-5849

*Counsel for Appellee Värde Investment Partners, L.P.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BELL ATLANTIC TRICON LEASING CORPORATION, NCC GOLF COMPANY, NCC KEY COMPANY and NCC CHARLIE COMPANY,** | **Case No. 08 -CV-2449(RMB)** (ECF Case) |
| **Appellants**, | Chapter 11 Case No. 05-17923 (ASH) (Jointly Administered) |
| **v.** | |
| **DELTA AIR LINES, INC.,** *et al.***,** | |
| **Appellees.** | |

**APPELLEE VÄRDE INVESTMENT PARTNERS, L.P.'S REPLY
<u>TO BRIEF ON APPEAL OF APPELLEE DELTA AIRLINES, INC.</u>**

## TABLE OF CONTENTS

**Page**

BASIS OF APPELLATE JURISDICTION ............................................................1

ISSUES PRESENTED AND STANDARD OF REVIEW .........................................1

STATEMENT OF THE CASE ........................................................................1

ARGUMENT ...........................................................................................4

    A.   Bankruptcy Court Already Ruled No Reduction of SLV Claims Proper ......................4

    B.   All Portions of the Bankruptcy Court Decision and Order not Presented on Appeal are Final and No Longer Subject to Challenge ..............................................5

CONCLUSION.........................................................................................8

## TABLE OF AUTHORITIES

_CASES_

Page

*First Fidelity Bank v. Public Service Co. of New Hampshire (In re Public Service Co. of New Hampshire),*
    879 F.2d 987 (1st Cir. 1989)................................................................7

*Lake Holiday Property Owners' Assoc. v. Unitrust Corp. (In re Unitrust Corp.),*
    84 B.R. 517 (N.D. Ill. 1988)...............................................................7

*Norton v. Sam's Club,*
    145 F.3d 114 (2d Cir. 1998).................................................................7

*Siemon v. Emigrant Savings Bank,*
    421 F.3d 167 (2d Cir. 2005).................................................................5

*Yueqing Zhang v. Gonzales,*
    426 F.3d 540 (2d Cir. 2005).................................................................7

_OTHER AUTHORITIES_

Page

Bankruptcy Code § 158 ...............................................................................1

11 U.S.C. § 158.............................................................................................1

28 U.S.C. § 157(b) ......................................................................................5

FED. R. APP. P. 3(a) ..................................................................................1, 6

F.R.B.P. 8001(a) ..........................................................................................1

F.R.B.P. 8002(a) ..........................................................................................5

## BASIS OF APPELLATE JURISDICTION

Appellee Värde Investment Partners, L.P. ("Värde") does not contest the appellate jurisdiction of this Court.  The Court has appellate jurisdiction over this appeal pursuant to Bankruptcy Code § 158.  11 U.S.C. § 158.

Insofar as Appellee Delta Airlines, Inc. ("Delta") failed to file any notice of cross-appeal, this Court is without jurisdiction to grant any affirmative relief to Delta, or to disturb those portions of Bankruptcy Court's Decision and Order that Delta now evidently objects to.  *See* F.R.B.P. 8001(a); FED. R. APP. P. 3(a)(1).

## ISSUES PRESENTED AND STANDARD OF REVIEW

On February 14, 2008, the above-referenced appellants ("Appellants") filed their notice of appeal, which gave rise to this appellate proceeding.  *See* D.36.[1]  No cross-appeal was ever filed by any party.  The only issues presented on appeal to the District Court are those raised by the Appellants related to the propriety of the Bankruptcy Court's disallowance of the Appellants' claims.

Värde agrees with the Appellants that conclusions of law presented to the District Court on appeal should be reviewed on appeal under a *de novo* standard.  Värde adds that no standard of review is proper for any matter not properly presented to the District Court by a timely notice of appeal, as the Court is without jurisdiction to review such unappealed issues.

## STATEMENT OF THE CASE

Previously, in Värde Investment Partners, L.P.'s Reservation of Rights to the Extent Any Parties Belatedly Seek Reversal or Modification of Portion of Decision and Order Denying

---

[1]  References to "D." followed by a number refer to the associated document listed in Appellants' Designation of Record and Statement of Issues Presented on Appeal, dated February 24, 2008.  Pinpoint citations to specific page numbers in the cited document follow, such that citations are to D.[document #] at [page #].

Objections to SLV Claims (the "<u>Reservation of Rights</u>"), Värde set out the facts of the underlying transaction and the procedural history of this appeal.  In the interest of brevity, Värde incorporates this discussion from its Reservation of Rights by reference, and a copy of Värde's Reservation of Rights is attached hereto as Exhibit A.

Very briefly, though, as concerns Värde's claims, in Delta's bankruptcy case, Appellee Delta objected to the SLV Claims (as defined in the Reservation of Rights) on two grounds, asserting that:

(a)    these claims overlapped with the TIA Claims (as defined in the Reservation of Rights) and bankruptcy law does not allow the allowance of overlapping claims (the "<u>General Overlap Objection</u>"); and

(b)    the terms of the transaction documents required the reduction of the SLV Claims due to their alleged overlap with the TIA Claims.

In its decision and related order (the "<u>Bankruptcy Court Decision and Order</u>"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection.  *See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 4, 9-10 n.3, 15-17, 32-33, and D.35 (Order with respect to TIA/SLV Objection 3), at 2; *see also* D.9 (Decision on TIA/SLV Objections 1 & 2), at 7-8, 12.  In so doing, the Bankruptcy Court allowed in full proofs of claim numbers 4703 and 4704 (the "<u>N923DL & N924DL SLV Claims</u>"), which relate to, respectively, the aircraft bearing FAA registration numbers N924DL and N923DL.  Specifically, in dealing with the SLV Contractual Terms Objection to these claims, the Bankruptcy Court held that

> The only contractual basis for reducing SLV is Section 6(d) of the Participation Agreement.   Section 6(d) does not apply here, because there have been no indemnification payments under the TIAs prior or subsequent to Delta's bankruptcy filing, ***and in any***

> *event Section 23 of the leases would preclude reduction of SLV*
> *below an amount necessary to pay the lenders in full.*"

*See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 16 (<u>emphasis added</u>).

On February 14, 2008, the Appellants filed their notice of appeal (D.36), and on March 26, 2008, Appellants filed their Opening Brief on Appeal. In this appeal, the Appellants have ***not*** challenged the Bankruptcy Court's rulings denying Delta's objections to the SLV Claims (as defined in the Reservation of Rights). No other party appealed the Bankruptcy Court Decision and Order. Nor did any party (including Delta and the Post-Effective Date Committee) cross-appeal the Bankruptcy Court Decision and Order. As such, the Bankruptcy Court's denial of Delta's objections to the SLV Claims is ***not*** before this Court on appeal, and there is no need for the Court to consider or reach that issue. Indeed, as discussed *infra*, it would be improper for this Court to address the Bankruptcy Court's denial of Delta's objections to the SLV Claims, as this issue is not the subject of any cross-appeal and was neither raised nor briefed by the Appellants.

In the Reservation of Rights, Värde expressly "reserve[d] its right to file a brief responding to any brief filed by any person or entity that attacks the Bankruptcy Court's rulings in favor of the N923DL & N924DL SLV Claims or the other SLV Claims."

On February 14, 2008, Delta filed its "Brief on Appeal of Appellee Delta Airlines, Inc." (the "<u>Delta Brief</u>"). As noted, Delta did not file any cross-appeal, but instead is purely an Appellee in this matter. However, in the Delta Brief, Delta complains about the Bankruptcy Court's denial of Delta's objections to the SLV Claims, mischaracterizing the Bankruptcy Court's rulings concerning the SLV Claims and attacking the finality of the portions of the Bankruptcy Court Decision and Order that relate to the N923DL & N924DL SLV Claims, along with the other SLV Claims. *See* Delta Brief, 25, fn. 5. More specifically, Delta opines that:

> The Bankruptcy Court did not find it necessary to determine whether SLV Claims would have to be reduced if TIA Claims were allowed, because the Bankruptcy Court disallowed the TIA Claims in their entirety…. If for any reason the Order were to be reversed, and if TIA Claims were to be allowed, the Bankruptcy Court would need to decide whether SLV Claims need to be reduced.

*Id.*

As Delta has attempted to call into question the Bankruptcy Court's rulings in favor of the N923DL & N924DL SLV Claims, Värde, the current holder of the N923DL & N924DL SLV Claims, hereby replies to the portions of the Delta Brief relevant to those Claims.

<u>**ARGUMENT**</u>

Footnote 5 of Delta's Brief both: (i) misrepresents the rulings of the Bankruptcy Court in the Bankruptcy Court Decision and Order; and (ii) wrongly states that issues resolved below which were not appealed remain subject to collateral attack in the Bankruptcy Court if and when the District Court rules in Appellants' favor on the issues presented in this appeal.

**A.    Bankruptcy Court Already Ruled No Reduction of SLV Claims Proper**

As set out above, while it is true that the Bankruptcy Court found no overlap between the TIA Claims and the SLV Claims, Delta is simply wrong in claiming that "[t]he Bankruptcy Court did not find it necessary to determine whether SLV Claims would have to be reduced if TIA Claims were allowed." *See* Delta Brief, 26, fn. 5. Instead, the Bankruptcy Court expressly ruled that no reduction of the SLV Claims was or could be proper. *See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 16. Yes, the Bankruptcy Court ruled that without TIA Claims having been paid, no reduction of the SLV Claims under Section 6(d) of the Participation Agreement was necessary or proper. However, contrary to Delta's argument, the Bankruptcy Court did not solely rely on that ground in overruling the objections to the SLV Claims. Instead, the Bankruptcy Court continued to overrule those objections on a second basis: that even if the allowance of a TIA Claim could trigger a reduction of the SLV Claims under the

relevant contracts, "*in any event Section 23 of the leases would preclude reduction of SLV below an amount necessary to pay the lenders in full*." *See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 16. Delta simply ignores this key portion of the Bankruptcy Court's Decision.

In other words, the Bankruptcy Court has *already ruled* on precisely the issue Delta claims that it would need to address following any reversal of the Bankruptcy Court Decision and Order by this Court resulting in a partial allowance of the TIA Claims. Delta has failed to challenge this ruling via a cross-appeal. Nor has Delta challenged the fact-findings that underlie the Bankruptcy Court's ruling on this (or any other) point.

**B.    All Portions of the Bankruptcy Court Decision and Order not Presented on Appeal are Final and No Longer Subject to Challenge**

Bankruptcy court rulings in "core" proceedings are reviewable only on appeal. 28 U.S.C. § 157(b)(1). It is undisputed that the Bankruptcy Court Decision and Order were entered in "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Therefore, in hearing this appeal, the District Court sits, like any other appellate court, as one of limited rather than general jurisdiction.

In order for the review of a "core" matter ruled on by a Bankruptcy Court in a final order to remain part of the jurisdiction of the District Court as a court of appeals, that matter must be brought before the district court by the timely filing of a notice of appeal. F.R.B.P. 8001(a); *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005) (holding time limit for timely appeals to be jurisdictional in nature). To be timely, a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." F.R.B.P. 8002(a); *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (holding that "the time limit contained in Bankruptcy Rule 8002(a) is jurisdictional, and that, in the absence of a timely

5

notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'") While a party may timely cross-appeal within 10 days of the filing of a notice of appeal by another party, a failure to file a notice of either appeal or cross-appeal fatally closes the jurisdiction of the District Court as a court of appeals, just as the failure to timely file an appeal from a district court to a circuit court terminates the Court of Appeals' jurisdiction. *Id.; see also* FED. R. APP. P. 3(a)(1) (appeal "may be taken only by filing a notice of appeal.").

It is uncontested that the Appellants filed their notice of appeal timely, within ten (10) days of the Bankruptcy Court's entry of the Bankruptcy Court Decision and Order. It is also uncontested that Delta did not file a notice of cross-appeal, timely or otherwise.

Because Delta did not file a cross-appeal, the District Court has no jurisdiction to disturb any element of the Bankruptcy Court Decision and Order that are not presented to the Court by the Appellants timely notice of appeal. Stated simply, Delta failed to timely invoke this Court's appellate jurisdiction, and thereby waived any points that it now seeks to appeal. In this manner, all of the Delta's argument under Point VI in its Delta Brief are an impermissible cross-appeal of matters expressly determined by the Bankruptcy Court that Delta failed to properly or timely appeal; hence, Delta has waived its right to appeal such matters.

Furthermore, where only one portion of a bankruptcy court's ruling has been appealed, all other portions of that ruling are final and may not be disturbed, even if other portions of the ruling were overturned on appeal. *First Fidelity Bank v. Public Service Co. of New Hampshire* (*In re Public Service Co. of New Hampshire*), 879 F.2d 987, 989-90 (1st Cir. 1989) (declining to enter an "advisory opinion" on only 1 of 2 alternate bases for bankruptcy court decision that was appealed); *Lake Holiday Property Owners' Assoc. v. Unitrust Corp.* (*In re Unitrust Corp.*), 84 B.R. 517, 518-19 (N.D. Ill. 1988) (describing appellant's decision to appeal 1 of 2 independent bases for ruling as "waiver" of appeal of other theory that was "fatal" to any appeal, as final ruling on alternate basis could not now be attacked).

Delta compounded its failure to file a notice of cross-appeal, by also failing to fully brief to this Court its attack on the portions of the Bankruptcy Court Decision and Order dealing with the N923DL & N924DL SLV Claims. Just as the failure to file a notice of appeal waives an issue, an appellant's (or cross-appellant's) failure to adequately present an issue in its opening brief also constitutes a waiver of that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently raised in the briefs are considered waived and normally will not be addressed on appeal."). By offering only a single cursory footnote in its appellate brief on the Bankruptcy Court's treatment of the N923DL & N924DL SLV Claims, Delta has again waived any right to challenge the findings of fact and conclusions of law that led the Bankruptcy Court to deny its objections to the N923DL & N924DL SLV Claims. *Id.* The second waiver is independent of and in addition to the waiver resulting from Delta's failure to file a notice of cross-appeal.

No one, including Delta, appealed the portions of the Bankruptcy Court Decision and Order denying the objections to the N923DL & N924DL SLV Claims.  Nor were these issues briefed by any party to this appeal, aside from the lone footnote in Delta's brief.  Delta was, of course, free to file a notice of cross-appeal.  Indeed, Delta filed precisely such a cross-appeal in the context of other TIA creditors' appeal of the Bankruptcy Court's ruling on another claim objection dealing with TIA and SLV claims.  *See* Docket for Case No. 07-CV-7745 (RB) (attached hereto as Exhibit B is a copy of the Designation and Counter-Designation of Contents for Record on Appeal and Cross-Appeal and Statement of Issues by Delta Air Lines, Inc. and Post-Effective Date Committee related to Case No. 07-CV-7745 (RB)).

Värde will not speculate why Delta decided to forego filing a cross-appeal here. However, absent a cross-appeal by Delta, the portions of the Bankruptcy Court Decision and Order dealing with the N923DL & N924DL SLV Claims are now final and no longer subject to possible appellate review.  Because they were not appealled and are now final, the portions of the Bankruptcy Court Decision and Order dealing with the N923DL & N924DL SLV are not subject to revision or change by the Bankruptcy Court during any potential remand from this Court.

## CONCLUSION

Delta's collateral and indirect attack in Footnote 5 of the Delta Brief on the portions of the Bankruptcy Court Decision and Order addressing the N923DL & N924DL SLV Claims is procedurally improper and unsustainable.  Delta's failure to appeal or cross-appeal those portions of the Bankruptcy Court Decision and Order dealing with N923DL & N924DL SLV Claims leave those portions final and unassailable in any forum at this time.  Delta has compounded this waiver by failing to fully brief or present this issue to this Court.  Because the District Court, sitting as an appellate court, has no jurisdiction over the portions of the Bankruptcy Court Decision and Order not before it, regardless of how it rules on the Appellants' appeal, the

District Court should take care to assure that its mandate to the Bankruptcy Court (if any) is clear that it does not in any way disturb the Bankruptcy Court's already final denial of the objections raised to the N923DL & N924DL SLV Claims.

Dated: New York, New York.          Respectfully submitted,
      May 1, 2008

**Vedder Price P.C.**

By: /s/ Michael J. Edelman
      Michael J. Edelman (ME-6476)
      1633 Broadway, 47th Floor
      New York, New York  10019
      Tel:     212-407-7700
      Fax:     212-407-7799
      E-mail:  MJEdelman@VedderPrice.com

**KIRKPATRICK & LOCKHART**
**PRESTON GATES ELLIS, LLP**
David Weitman
Texas State Bar No. 21116200
Daniel I. Morenoff
Texas State Bar No. 24032760
1717 Main Street, Suite 2800
Dallas, Texas  75201
(214) 939-5500
Telecopy:  (214) 939-5849

*Counsel for Appellee*
*Värde Investment Partners, L.P.*

# EXHIBIT A

**VEDDER PRICE P.C.**
Michael J. Edelman (ME-6476)
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

**KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP**
David Weitman (Texas Bar No. 21116200)
Daniel I. Morenoff (Texas Bar No. 24032760)
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
Telecopy: (214) 939-5849

*Counsel for Appellee Värde Investment Partners, L.P.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **BELL ATLANTIC TRICON LEASING CORPORATION, NCC GOLF COMPANY, NCC KEY COMPANY and NCC CHARLIE COMPANY,** | **Case No. 08 -CV-2449(RMB)** (ECF Case) |
| **Appellants,** | Chapter 11 Case No. 05-17923 (ASH) (Jointly Administered) |
| **v.** | |
| **DELTA AIR LINES, INC.,** *et al.,* | |
| **Appellees.** | |

**APPELLEE VÄRDE INVESTMENT PARTNERS, L.P.'S RESERVATION OF
RIGHTS TO THE EXTENT ANY PARTIES BELATEDLY SEEK REVERSAL
OR MODIFICATION OF PORTION OF DECISION AND ORDER
DENYING OBJECTIONS TO SLV CLAIMS**

   Appellee Värde Investment Partners, L.P. ("*Värde*"), the current holder of proofs

of claim numbers 4703 and 4704 (the "*N923DL & N924DL SLV Claims*") that relate to,

respectively, the aircraft bearing FAA registration number N924DL and N923DL (the "*N923DL*

*and N924DL Aircraft*") and the leveraged lease transaction related to such aircraft, by Värde's undersigned counsel, hereby submits its reservation of rights regarding this appeal.

## STATEMENT OF CASE AND FACTS RELEVANT TO THIS RESERVATION OF RIGHTS

### The Underlying Transaction and the Claims

This appeal addresses the claims objection litigation commenced by Delta Air Lines, Inc., as chapter 11 debtor and debtor in possession (the "*Debtor*") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), against two distinct sets of claims relating to the leveraged lease transactions in which the Debtor was the lessee, Appellants Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company and NCC Charlie Company were the owner participants (collectively, the "*Appellants*"), The Bank of New York was the indenture trustee (the "*Indenture Trustee*"), and various lenders (collectively, the "*Lenders*") were the lenders. *See* D.23 (Substitute TIA/SLV Objection 3).[1] Appellee Värde is the Lender under the leveraged lease transactions relating to the N923DL and N924DL Aircraft. Upon information and belief, NCC Key Company is the owner participant relating to the leveraged lease transaction relating to the N923DL Aircraft and NCC Charlie Company is the owner participant relating to the leveraged lease transaction relating to the N924DL Aircraft. *See* D.23 (Substitute TIA/SLV Objection 3), ¶ 19.

---

[1]      References to "D." followed by a number refer to the associated document listed in Appellants' Designation of Record and Statement of Issues Presented on Appeal, dated February 24, 2008.

NEWYORK/#194155.3

**The Claims against the Debtor**

Each Appellant, as an owner participant, has asserted claims against the Debtor in the Debtor's chapter 11 case arising under separate tax indemnity agreements ("*TIAs*") between each such Appellant, as owner participant, and the Debtor (collectively all such claims held by Appellants against the Debtor, the so-called "*TIA Claims*").  Separately, the Indenture Trustee was assigned various rights arising under certain aircraft leases between owner trustees, as lessor, and the Debtor, each as lessee, to secure loan obligations.  Pursuant to each such assignment, the Indenture Trustee and/or the Lenders filed claims against the Debtor arising under the related aircraft leases, predominantly for lease rejection damages, which damages are calculated by utilizing the stipulated loss damage calculations associated with the Debtor's breach of the relating lease agreements (collectively, the portion of such claims based upon stipulated loss damage calculations, the "*SLV Claims*").  With respect to the N923DL Aircraft and the N924DL Aircraft leveraged lease transactions, Värde currently holds the SLV Claims (such claims are the N923DL & N924DL SLV Claims).

**The Underlying Claims Objections**

In the Debtor's chapter 11 case, the Debtor and the Official Committee of Unsecured Creditors objected to the SLV Claims and the TIA Claims on the grounds that:

(a)     these claims overlapped each other and general bankruptcy law did not allow overlapping claims (and, accordingly, the SLV Claims and/or the TIA Claims should be reduced to prevent such overlap) (the "*General Overlap Objection*"), *see* D.23 (Substitute TIA/SLV Objection 3),  ¶¶ 21-23;

(b)     the terms of the TIAs (or notions of equitable allocation based upon the terms of the TIA) required the disallowance or reduction of the TIA Claims due to the alleged overlap (the "*TIA Contractual Terms Objection*"), *id.,* at ¶¶ 25-30; and

NEWYORK/#194155.3

(c)     the terms of the transaction documents (or notions of equitable allocation based upon the terms of the Transaction Documents) required the reduction of the SLV Claims due to the alleged overlap (the "*SLV Contractual Terms Objection*"), *id.*

The only bases for attacking the SLV Claims were the General Overlap Objection and the SLV Contractual Terms Objection. *Id.,* at ¶¶ 21-23, 25-30.

**The Bankruptcy Court's Decision and Order**

In its decision and related order (the "*Bankruptcy Court Decision and Order*"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 4, 9-10 n.3, 15-17, 32-33, and D.35 (Order with respect to TIA/SLV Objection 3), at 2; *see also* D.9 (Decision on TIA/SLV Objections 1 & 2), at 7-8, 12. Accordingly, the Bankruptcy Court denied the only two bases asserted by the Debtor and the Committee for objecting to the N923DL & N924DL SLV Claims and the SLV Claims held by or for the benefit of the other Lenders.

The Bankruptcy Court granted the TIA Contractual Terms Objection and denied the Appellants' TIA Claims in their entirety. *See* D.35 (Order with respect to TIA/SLV Objection 3), at 1-2.

**The Appeal**

The Appellants filed their notice of appeal on February 14, 2008, *see* D.36, and their Opening Brief on Appeal on March 26, 2008. In this appeal, the Appellants have not challenged the Bankruptcy Court's rulings denying the Debtor's objections to the SLV Claims. Because: (a) the Appellants do not challenge the portions of the Bankruptcy Court Decision and Order regarding the SLV Claims; and (b) none of the Debtor, the Post-Effective Date Committee or any other person or entity (other than Appellants) have appealed the Bankruptcy Court Decision and Order, there is nothing for Appellee Värde to respond to in this appeal as of the

4

date hereof. As no party has challenged such portions of the Bankruptcy Court Decision and Order relating to the N923DL & N924DL SLV Claims or the other SLV Claims, such decision and order regarding the N923DL & N924DL SLV Claims and the other SLV Claims are no longer subject to challenge.

## **RESERVATION OF RIGHTS**

At this time, Appellee Värde is not filing a responsive brief to the Opening Brief on Appeal because: (a) the Appellants only challenge the Bankruptcy Court Decision and Order regarding the disallowance of the Appellants' TIA Claims; and (b) the Appellants do not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied the General Overlap Objection and the SLV Contractual Terms Objection.

Appellee Värde hereby fully reserves its right to file a brief responding to any brief filed by any person or entity that attacks the Bankruptcy Court's rulings in favor of the N923DL & N924DL SLV Claims or the other SLV Claims.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

5

Dated: New York, New York.
     April 14, 2008

Respectfully submitted,

**Vedder Price P.C.**


By: /s/ Michael J. Edelman
     Michael J. Edelman (ME-6476)
     1633 Broadway, 47th Floor
     New York, New York  10019
     Tel:     212-407-7700
     Fax:     212-407-7799
     E-mail:  MJEdelman@VedderPrice.com

     **KIRKPATRICK & LOCKHART**
     **PRESTON GATES ELLIS, LLP**
     David Weitman
     Texas State Bar No. 21116200
     Daniel I. Morenoff
     Texas State Bar No. 24032760
     1717 Main Street, Suite 2800
     Dallas, Texas  75201
     (214) 939-5500
     Telecopy:  (214) 939-5849

     *Counsel for Appellee*
     *Värde Investment Partners, L.P.*

# EXHIBIT B

STROOCK & STROOCK & LAVAN LLP
Lawrence M. Handelsman (LH-6957)
Kristopher M. Hansen (KH-4679)
Jayme T. Goldstein (JG-9054)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

Counsel for Delta Air Lines, Inc.

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden (DG 5624)
David H. Botter (DB 2300)
Mitchell P. Hurley (MH 0740)
590 Madison Avenue
New York, New York 10022
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Counsel for the Post-Effective Date Committee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **DELTA AIR LINES, INC., et al.,** | **:** | **Case No. 05-17923 (ASH)** |
| | **:** | |
| **Reorganized Debtors.**[1] | **:** | **(Jointly Administered)** |
| ------------------------------------------------------------x | | |

**DESIGNATION AND COUNTER-DESIGNATION OF CONTENTS FOR**
**RECORD ON APPEAL AND CROSS-APPEAL AND STATEMENT OF**
**ISSUES BY DELTA AIR LINES, INC. AND POST-EFFECTIVE DATE COMMITTEE**

---

[1]    The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

Pursuant to Fed R. Bankr. P. 8006, Delta Air Lines, Inc. ("Delta") and the Post-Effective Date Committee appointed under Delta's confirmed chapter 11 plan of reorganization (the "Committee"), through their undersigned counsel, hereby submit their designation and counter-designation (the "Designation and Counter-Designation") of items to be included in the record on appeal and cross-appeal to the United States District Court for the Southern District of New York from the "Order With Respect To TIA/SLV Objection 2" (the "Order"), entered by the United States Bankruptcy Court for the Southern District of New York (Hon. Adlai S. Hardin, Jr.) (the "Bankruptcy Court") on July 19, 2007 [Docket No. 6467].

On July 27, 2007, Delta and the Committee received electronic notification via the Bankruptcy Court's electronic document filing system of Northwestern Mutual Life Insurance Company's ("Northwestern" or the "Appellant") Notice of Appeal regarding the Order [Docket No. 6521].  On  July 27, 2007, Delta and the Committee timely filed and served their own Notice of Appeal (the "Original Notice of Appeal") regarding the Order [Docket No. 6523]. On August 1, 2007, Delta and the Committee timely filed and served their Notice of Cross-Appeal, which covers the same matters addressed in the Original Notice [Docket No. 6545].

On August 2, 2007, Delta and the Committee received electronic notification of Appellant's Designation of Record and Statement of Issues to Be Presented on Appeal (the "Northwestern Designation") [Docket No. 6551].

Delta and the Committee hereby submit this Designation and Counter-Designation in support of their Original Notice of Appeal and Notice of Cross-Appeal and in response to the Northwestern Designation.

## I.    DESIGNATION AND COUNTER-DESIGNATION OF DOCUMENTS TO BE INCLUDED IN THE RECORD ON APPEAL

Delta and the Committee designate the following items for inclusion in the record on the appeal and cross-appeal, in addition to those specified in the Northwestern Designation:

1.    Order Approving a Modified Term Sheet and an Extension of Section 1110 Deadlines, and Authorizing Agreements to Restructure Transactions Affecting Eighty-Eight Aircraft and Associated Engines, Equipment and Documents [Docket No. 2097].

2.    Transcript of Hearing Held on January 31, 2007 at 2:38 P.M. re: Conference "DESIGNATED OBJECTION 1" Litigation With Respect to Overlapping SLV Claims and TIA Claims [Docket No. 4761].

3.    Affidavit of Timothy C. Glenn in Support of Response of DFO Partnership to TIA/SLV Objection 1: Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Docket No. 5231].

4.    Declaration of Michael J. Edelman in Support of Response of Strategic Value Partners, LLC to TIA/SLV Objection 1 [Docket No. 5453].

5.    Declaration of Michael J. Edelman in Support of Response of Bank of America, N.A. to TIA/SLV Objection 2 [Docket No. 5454].

6.    Notice of Appeal [Docket No. 6523].

7.    Notice of Cross-Appeal [Docket No. 6545].

8.    Lease Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Wilmington Trust Company as Owner Trustee/Lessor and Delta Air Lines, Inc. as Lessee, attached hereto as Exhibit 1.

-3-

9.      Indemnity Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Northwestern Mutual Life Insurance Company as Owner Participant and Delta Air Lines, Inc. as Lessee, attached hereto as <u>Exhibit 2</u>.

10.     Trust Indenture and Security Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Wilmington Trust Company as Owner Trustee and Nationsbank of Georgia, National Association as Indenture Trustee, attached hereto as <u>Exhibit 3</u>.

11.     Participation Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, among Delta Air Lines, Inc. as Lessee, Northwestern Mutual Life Insurance Company as Owner Participant, Sumitomo Bank, Limited, Atlanta Agency, as Original Loan Participant, Wilmington Trust Company as Owner Trustee, Nationsbank of Georgia, National Association as Indenture Trustee and Nationsbank of South Carolina, National Association as Pass Through Trustee, attached hereto as <u>Exhibit 4</u>.

## II.    <u>STATEMENT OF ISSUES ON CROSS-APPEAL</u>

Delta entered into leveraged lease financing transactions for certain aircraft.  As part of those transactions, Delta entered into various agreements, including tax indemnity agreements ("<u>TIAs</u>") and aircraft leases.  The aircraft leases provided that under certain conditions, Delta would be obligated to pay "stipulated loss values" to the lessors (or the persons to whom the lessors had assigned their rights).  Delta and the Committee contend that "stipulated loss values" include compensation for the same matters that are addressed in tax indemnity agreements and that the parties' contracts recognize this overlap.  Delta and the Committee objected to claims seeking tax indemnities ("<u>TIA Claims</u>") and claims seeking stipulated loss values ("<u>SLV Claims</u>") on the grounds, among others, that the claims sought compensation for

the same alleged tax losses and that allowance of both claims would impermissibly result in multiple claim allowances for a single alleged loss.  The Bankruptcy Court held as a matter of law that TIA Claims and SLV Claims can both be allowed even if they address the same injuries and even if the allowance of both claims results in multiple claim allowances for a single loss. The Bankruptcy Court further held that certain provisions in the parties' contracts did not require reduction in SLV Claims unless TIA Claims had been paid prior to Delta's bankruptcy.

The issues raised on the appeal and cross-appeal filed by Delta and the Committee are:

1.    Whether the Bankruptcy Court erred as a matter of law in holding that (i) an owner participant's TIA Claim pursuant to the Tax Indemnification Agreement it entered into with Delta for a given aircraft and (ii) an indenture trustee's SLV Claim pursuant to the Lease for that same aircraft may each be "allowed" claims in bankruptcy, even if (a) those two claims overlap and represent multiple theories upon which a single loss may be recovered and (b) the allowance of the two claims would result in multiple claims allowances for a single alleged loss.

2.    Whether the Bankruptcy Court erred as a matter of law in holding that certain provisions in the parties' contracts do not permit the reduction of SLV Claims unless TIA Claims were paid prior to Delta's bankruptcy.

## III.    <u>RESERVATION OF RIGHTS</u>

Delta and the Committee each reserve the right to: (i) supplement, amend or modify this Designation and Counter-Designation as appropriate; and (ii) move to strike items designated in the Northwestern Designation that are inappropriate and make any related

-5-

arguments as to the propriety of including any such items designated in the Northwestern

Designation.

Dated:   New York, New York
         August 6, 2007
                                    STROOCK & STROOCK & LAVAN LLP

                                    /s/ Kristopher M. Hansen
                                    Lawrence M. Handelsman (LH-6957)
                                    Kristopher M. Hansen (KH-6957)
                                    Jayme T. Goldstein (JG -9054)
                                    180 Maiden Lane
                                    New York, New York 10038
                                    Telephone: (212) 806-5400
                                    Facsimile:  (212) 806-6006

                                    Counsel for Delta Air Lines, Inc.

                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                    Daniel H. Golden (DG-5624)
                                    David H. Botter (DB-2300)
                                    Mitchell P. Hurley (MH-0740)
                                    590 Madison Avenue
                                    New York, New York 10022
                                    Telephone: (212) 872-1000
                                    Facsimile:  (212) 872-1002

                                    Counsel for the Post-Effective Date Committee

-6-