**VEDDERPRICE**

MICHAEL J. EDELMAN
212-407-6970
MJEdelman@VedderPrice.com

VEDDER PRICE P.C.
1633 BROADWAY, 47TH FLOOR
NEW YORK, NEW YORK 10019
212-407-7700
FAX: 212-407-7799

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

**VIA HAND DELIVERY**                                    May 13, 2008

The Honorable Richard M. Berman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street, Suite 650
New York, New York 10007

    Re: *Bell Atlantic Tricon Leasing Corp. v. Delta Airlines, Inc.*, Case No. 08-CV-02449-RMB - Response to Delta Airline, Inc.'s Letter, dated May 7, 2008

Dear Judge Berman:

    We represent Värde Investment Partners, L.P. ("*Värde*"), an appellee in the above-captioned appeal from the Bankruptcy Court. We write this letter in response to that letter, dated May 7, 2008 (the "*Delta Letter*") from Appellee Delta Airlines, Inc. ("*Delta*") asking this Court for authorization to file a motion to strike Värde's brief filed on May 1, 2008 (the "*Värde Brief*")[1]. This Court ordered Värde to respond to the Delta Letter on or before May 13, 2008.

    Delta's motion to strike the Värde Brief is improper for two distinct reasons. First, Delta entirely ignores that the Värde Brief is directed to this Court's subject matter jurisdiction. It is axiomatic that a party may at any time raise a lack of subject matter jurisdiction. Here, Värde raised such lack of subject matter jurisdiction due to Delta's failure to file a timely notice of cross-appeal. Second, contrary to Delta's assertions, the Värde Brief was timely filed.

    1. **Challenges to Subject Matter Jurisdiction are Always Timely and Proper.**

    It is black letter law that this Court always has jurisdiction to evaluate its own subject matter jurisdiction. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 224 (2d Cir. 2004) ("It is inarguable that a court always has jurisdiction to determine its own jurisdiction."); *see also Morgan v. U.S.* 968 F.2d 200, 203 (2d Cir. 1992) (same). It is equally well established that "the time limit contained in Bankruptcy Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal." *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). Despite its undisputed failure to file a notice of cross-appeal, Delta has asked this Court for affirmative appellate relief from the rulings in favor of the N923DL & N924DL SLV Claims held by Värde. *See* Delta Brief, Part VI. The Värde Brief attacked the lack of subject matter jurisdiction regarding Part VI of Delta's brief. As such, it is entirely proper – indeed, obligatory – for this Court to consider the Värde Brief and the lack of subject matter jurisdiction for Delta's belated cross-appeal.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Värde Brief.

Seeking to avoid the fatal jurisdictional deficiency of its failure to file a timely notice of cross-appeal, Delta argues that the Bankruptcy Court "had made no rulings as to whether SLV Claims would have to be adjusted if TIA Claims were allowed." *See* Delta Letter, at 1. Delta cites to a transcript from an August 20, 2007 Bankruptcy Court hearing involving a prior litigation that did not involve Värde. Such argument, however, lacks any merit as it does not remedy the lack of subject matter jurisdiction. Further, such an allegation is factually inaccurate. Contrary to the transcript cited by Delta in such disparate litigation, the Bankruptcy Court in its decision and order that are the subject of this appeal determined that there was no basis to uphold the objection to, *inter alia*, Värde's claims:

> The only contractual basis for reducing [Värde's type of claims] ... does not apply here ... *and in any event Section 23 of the leases would preclude reduction of [such claims] below an amount necessary to pay [such creditors] in full.*"

*See* D.34 (Decision on TIA/SLV Objection 3 and Objection 5I), at 16 (emphasis added).[2] The Court followed up its decision with an express order denying Delta's objection to Värde's N923DL & N924DL SLV Claims. *See* D.35 (Order with Respect to Substitute TIA/SLV Objection 3), at 2. In other words, it is plain that the Bankruptcy Court ruled in Värde's favor on its N923DL & N924DL SLV Claims, and that, despite its failure to file a notice of cross-appeal, Delta now seeks to belatedly challenge that holding.

### 2. The Värde Brief was Timely and Proper.

Even if Delta could overcome the lack of subject matter jurisdiction regarding Delta's attempted cross-appeal, the Värde Brief was timely filed under Rule 8009 of the Federal Rule of Bankruptcy Procedure (the "*Bankruptcy Rules*"). In this appeal, where Delta did not cross-appeal, the Appellants raised no issues in their timely-filed appeal concerning the portion of the Bankruptcy Court Decision and Order that denied all of Delta's objections to Värde's claims. Accordingly, when Värde filed its reservation of rights in response to the Appellants' opening brief, it specifically stated:

> At this time, Värde is not filing a responsive brief to the [Appellants'] Opening Brief on Appeal because: (a) the Appellants only challenge the Bankruptcy Court Decision and Order regarding the disallowance of the Appellants' TIA Claims; and (b) the Appellants do not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied [Delta's] Objection[s to Värde's claims]. *Appellee Värde hereby fully reserves its right to file a brief responding to any brief filed by any person or entity that attacks the Bankruptcy Court's ruling in favor of [Värde's] Claims.*

Appellee Värde's Reservation of Rights, at 5 (emphasis added) [Docket 17]. As the Appellants did not appeal the provisions of the order granting judgment in Värde's favor, the order in favor of Värde first was attacked by Delta in its attempted-belated cross-appeal. Specifically, in Part VI of its brief, Delta raised an appellate challenge to the Bankruptcy Court's decision overruling

---

[2] References to "D." followed by a number refer to the associated document listed in Appellants' Designation of Record and Statement of Issues Presented on Appeal, dated February 24, 2008.

objections to Värde's claims – even though Delta failed to timely appeal such matters. In sum, Delta's brief raised exactly the kind of untimely attack against the portions of the Bankruptcy Court Decision and Order that Värde had reserved its rights to file such a response brief.

Further, Värde filed the Värde Brief within the established time frame for such a brief. Bankruptcy Rule 8009 establishes a default time frame for the filing of briefs on appeal, including reply briefs, "[u]nless the district court . . . specifies different time limits." Fed.R.Bankr.P. 8009(a). In this case, this Court's docket entry for Delta's brief (docket number 15) specified a time frame for the filing of reply briefs to Delta's brief. This Court's docket entry expressly states that "Appellant Reply Brief due by 5/1/2008." A copy of the docket report for this case is attached hereto as Exhibit A. Värde met this deadline by filing the Värde Brief on May 1, 2008, exactly as this Court had specified parties could.

Further, even if this Court had not specified a response deadline, the Värde Brief was timely. Here, Delta is a belated cross-appellant attacking for the first time the order of the Bankruptcy Court in favor of the cross-appellee Värde. Under Bankruptcy Rule 8009(a)(2), response briefs are due 15 days after service of the brief of the appellant. In addition, where service is effected in any of the manners specified by Bankruptcy Rule 9006(f), three additional days are added to the briefing schedule. *See, e.g., Southern Pacific Transp. Co. v. Voluntary Purchasing Group, Inc.*, 229 B.R. 122, 123-24 (E.D. Tex. 1999) (Appellate briefing schedule provided under Bankruptcy Rule 8009 is extended by three days where service made by mail, one of the methods covered by Bankruptcy Rule 9006(f)).[3] Delta did not effect service on Värde by hand delivery. Rather, Delta effected service in a manner specified in Bankruptcy Rule 9006(f) and three additional days are added to the briefing schedule. Accordingly, as Delta filed its brief on April 14, 2008, in the absence of direction from this Court, Värde's appellate brief was due on May 2, 2008 – and Värde filed its brief before such date.[4]

For the foregoing reasons, this Court should deny the relief requested by Delta. Thank you for your time and consideration of this matter.

Very truly yours,

Michael J. Edelman

---

[3] Bankruptcy Rule 9006(f) cross-referenced Rules 5(b)(2)(C) and (D) of the Federal Rules of Civil Procedure in existence at the time of the last amendment to Rule 9006(f) (in 2005).

[4] The lack of any basis for belated Cross-Appellant Delta's motion to strike the Värde Brief is highlighted by Delta's own briefing schedule in this case. After the Appellants filed their opening brief on March 26, 2008, this Court noted on the docket that appellee briefs were due on April 14, 2008 -- a date nineteen days after the opening brief was filed. Such date was also the date on which response briefs were due under Bankruptcy Rules 8009 and 9006(f). Having utilized the full period provided by this Court and under the Bankruptcy Rules for filing its response brief, Delta is seeking to deny Värde the same rights in Delta's belated cross-appeal.

**DISTRIBUTION LIST**

Scott H. Bernstein, Esq. (Via E-Mail and Overnight Courier)
Benjamin C. Ackerly, Esq. (Via E-Mail and Overnight Courier)
Michael E. Wiles, Esq. (Via E-Mail and Overnight Courier)
Mark Elliott, Esq. (Via E-Mail and Overnight Courier)
David Weitman, Esq. (Via E-Mail)

# EXHIBIT A

ECF, RELATED

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-02449-RMB

In Re: Delta Air Lines, Inc.
Assigned to: Judge Richard M. Berman
Related Case: 1:07-cv-07745-RMB
Case in other court: USBC-SDNY, 05-B-17923 (ASH)
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 03/11/2008
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re**

**Delta Air Lines, Inc.**

**Debtor**

**Delta Air Lines, Inc.**

**Appellant**

**Bell Atlantic Tricon Leasing Corporation**

represented by **Scott Howard Bernstein**
Hunton & Williams, LLP(NYC)
200 Park Avenue
43rd Floor
New York, NY 10166
804-788-8200
Fax: 804-788-8218
Email: sbernstein@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin C. Ackerly**
Hunton & Williams L.L.P.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
(804) 788-8479
Fax: (804) 788-8218
*ATTORNEY TO BE NOTICED*

**Appellant**

**NCC Golf Company**

represented by **Scott Howard Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin C. Ackerly**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Appellant**

**NCC Key Company**    represented by    **Scott Howard Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin C. Ackerly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Appellant**

**NCC Charlie Company**    represented by    **Scott Howard Bernstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin C. Ackerly**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Delta Air Lines, Inc.**    represented by    **Michael E. Wiles**
Debevoise & Plimpton, LLP(NYC)
410 W. 23rd Street
3A
New York, NY 10011
212 909-6000
Fax: 212 909-6836
Email: mewiles@debevoise.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Appellee**

**Varde Investment Partners, L.P.**    represented by    **Michael James Edelman**
Vedder Price P.C.
1633 Broadway
47th Floor
New York, NY 10019
212-407-6970
Fax: 212 407 7799
Email: mjedelman@vedderprice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**The Bank of New York, as Indenture Trustee**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2008 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Adlai S. Hardin Jr. dated February 8, 2008. Bankruptcy Court Case Numbers: 05-B-17923 (ASH). Certified copies of file received.Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. Appellant Brief due by 3/29/2008. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(bkar) (Entered: 03/11/2008) |
| 03/11/2008 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. (bkar) (Entered: 03/11/2008) |
| 03/11/2008 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee Delta Air Lines, Inc. (bkar) (Entered: 03/11/2008) |
| 03/11/2008 | 4 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee Varde Investment Partners, L.P. (bkar) (Entered: 03/11/2008) |
| 03/11/2008 |  | CASE REFERRED TO Judge Richard M. Berman as possibly related to 07-cv-11437. (bkar) (Entered: 03/11/2008) |
| 03/11/2008 |  | Case Designated ECF. (bkar) (Entered: 03/11/2008) |
| 03/18/2008 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Verizon Capital Corporation, Bell Atlantic Capital Corporation and Verizon Communications Inc. as Corporate Parent. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company.(Bernstein, Scott) (Entered: 03/18/2008) |
| 03/18/2008 | 6 | ENDORSED LETTER addressed to Richard M. Berman from Scott H. Bernstein dated 3/17/2008 re: I write this letter to request that the Court suspend the briefing schedule for the Appeal until the Court has ruled on the two related appeals currently pending before the Court. ENDORSEMENT: Applications are respectfully denied. Let's proceed with the briefing without delay see Court's rules re: page limits and Court's Order dated 11/15/2007 in case # 07-7745. (Signed by Judge Richard M. Berman on 3/18/2008) (jpo) (Entered: 03/18/2008) |
| 03/18/2008 | 8 | MOTION for Benjamin C. Ackerly to Appear Pro Hac Vice. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company.(dle) (Entered: 03/19/2008) |
| 03/18/2008 |  | CASE ACCEPTED AS RELATED. Create association to 1:07-cv- |

| | | |
|---|---|---|
| | | 07745-RMB. Notice of Assignment to follow. (laq) (Entered: 03/20/2008) |
| 03/18/2008 | 9 | NOTICE OF CASE ASSIGNMENT to Judge Richard M. Berman. Judge Unassigned is no longer assigned to the case. (laq) (Entered: 03/20/2008) |
| 03/18/2008 | | Magistrate Judge Frank Maas is so designated. (laq) (Entered: 03/20/2008) |
| 03/19/2008 | | Mailed letter to the United States Bankruptcy Court - Southern District of New York as notification of filing of Bankruptcy Notice of Appeal (Case Number: 03-B-17966 (JMP).) with the U.S.D.C. - S.D.N.Y. and the assignment of S.D.N.Y. Case Number: 08-cv-2421 (DLC). (laq) (Entered: 03/19/2008) |
| 03/19/2008 | | Mailed notice to the attorney(s) of record. (laq) (Entered: 03/19/2008) |
| 03/19/2008 | 7 | MOTION for Jason W. Harbour to Appear Pro Hac Vice. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company.(dle) (Entered: 03/19/2008) |
| 03/20/2008 | | CASHIERS OFFICE REMARK on 7 Motion to Appear Pro Hac Vice, 8 Motion to Appear Pro Hac Vice in the amount of $50.00, paid on 03/18/2008, Receipt Number 645153. (jd) (Entered: 03/20/2008) |
| 03/20/2008 | | Mailed notice to the attorney(s) of record. (laq) (Entered: 03/20/2008) |
| 03/26/2008 | 10 | Appellant's BRIEF. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. Appellee Brief due by 4/14/2008. (Bernstein, Scott) (Entered: 03/26/2008) |
| 03/26/2008 | 11 | AFFIDAVIT OF SERVICE of Appellants' Opening Brief on Appeal on 3/26/08. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. (Bernstein, Scott) (Entered: 03/26/2008) |
| 03/27/2008 | 12 | ORDER: It is hereby ordered that Benjamin C. Ackerly as counsel for Bell Atltantic Tricon Leasing Corporation, NCC Gold Company, NCC Key Company and NCC Charlie Company in this action. (Signed by Judge Richard M. Berman on 3/27/2008) (jpo) (Entered: 03/27/2008) |
| 03/27/2008 | 13 | ORDER: It is ordered that Jason W. Harbour is admitted to practice pro hac vice for the defendants. (Signed by Judge Richard M. Berman on 3/27/2008) (jpo) (Entered: 03/27/2008) |
| 03/27/2008 | | Transmission to Attorney Admissions Clerk. Transmitted re: 12 Order on Motion to Appear Pro Hac Vice, 13 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (jpo) (Entered: 03/27/2008) |
| 04/14/2008 | 14 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Varde Investment Partners, L.P.. (Attachments: # 1 APPELLE VARDE INVESTMENT PARTNERS, |

| | | |
|---|---|---|
| | | L.P.'S RESERVATION OF RIGHT TO THE EXTENT ANY PARTIES BELATEDLYSEEK REVERSAL OR MODIFICATION OF PORTION OF DECISION AND ORDER DENYING OBJECTIONS TO SLV CLAIMS, # 2 Affidavit AFIDAVIT OF SERVICE)(Edelman, Michael) (Entered: 04/14/2008) |
| 04/14/2008 | 15 | Appellee's BRIEF. Document filed by Delta Air Lines, Inc.. Appellant Reply Brief due by 5/1/2008. (Attachments: # 1 Appendix A)(Wiles, Michael) (Entered: 04/14/2008) |
| 04/14/2008 | 16 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Delta Air Lines, Inc..(Wiles, Michael) (Entered: 04/14/2008) |
| 04/14/2008 | 17 | Appellee's BRIEF. Document filed by Varde Investment Partners, L.P.. Appellant Reply Brief due by 5/1/2008. (Edelman, Michael) (Entered: 04/14/2008) |
| 04/14/2008 | 18 | AFFIDAVIT OF SERVICE of Reservation of Rights & Rule 7.1 Disclosure served on Appellant on 04/14/2008. Service was made by Mail. Document filed by Varde Investment Partners, L.P.. (Edelman, Michael) (Entered: 04/14/2008) |
| 04/15/2008 | 19 | BRIEF / *Response of SLV Claimant The Bank of New York, as Indenture Trustee, to Appellants' Opening Brief.* Document filed by The Bank of New York, as Indenture Trustee. (Attachments: # 1 Statement)(Dorchak, Joshua) (Entered: 04/15/2008) |
| 04/15/2008 | 20 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by The Bank of New York, as Indenture Trustee. (Dorchak, Joshua) (Entered: 04/15/2008) |
| 04/24/2008 | 21 | Appellant's REPLY BRIEF. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. (Bernstein, Scott) (Entered: 04/24/2008) |
| 04/24/2008 | 22 | AFFIDAVIT OF SERVICE. Document filed by Bell Atlantic Tricon Leasing Corporation, NCC Golf Company, NCC Key Company, NCC Charlie Company. (Bernstein, Scott) (Entered: 04/24/2008) |
| 05/01/2008 | 23 | Appellee's BRIEF. Document filed by Varde Investment Partners, L.P.. Appellant Reply Brief due by 5/19/2008. (Attachments: # 1 Exhibit Ex. A - Varde's Reservation of Rights, # 2 Exhibit Ex. B - Delta's Issues on Another Appeal)(Edelman, Michael) (Entered: 05/01/2008) |
| 05/08/2008 | 24 | ENDORSED LETTER addressed to Judge Richard M. Berman from Michael E. Wiles dated 5/7/08 re: Delta therefore respectfully requests that this Court hold a pre-motion conference or, in the alternative, grant leave to submit Delta's motion to strike the Varde Brief from the record without a pre-motion conference. ENDORSEMENT: Varde to submit 2-3 pp letter response (with authorities) by 5/13/08 @ noon. So Ordered. (Signed by Judge Richard M. Berman on 5/8/08) (js) (Entered: 05/08/2008) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 05/13/2008 11:31:09 ||||
| PACER Login: | vp0004 | Client Code: | Optional for PACER use only |
| Description: | Docket Report | Search Criteria: | 1:08-cv-02449-RMB |
| Billable Pages: | 3 | Cost: | 0.24 |